# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. GARY, Jr., <br>     Plaintiff, <br><br> v. <br><br> WORKER'S COMPENSATION <br> APPEAL BOARD, *et al.*, <br>     Defendants. | CIVIL ACTION NO. 19-CV-2068 |

## MEMORANDUM

**SANCHEZ, C.J.**                                                                                          May 16, 2019

*Pro se* Plaintiff Robert L. Gary, Jr. has filed this civil rights action against the Workers' Compensation Appeal Board ("WCAB"), its Commissioners in their official and individual capacities, the Pennsylvania Depart of Labor and Industry Workers' Compensation Division, Judge Beverly J. Doneker in her official and individual capacity, J.D. Eckman Inc., Transportation Insurance Co. (CNA), and Phil C. Keidel in his official and individual capacity. Gary also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is frivolous and fails to state a claim.

## I.     FACTS

Gary asserts that on June 4, 2007, his former employer J.D. Eckman Inc. and its attorney Philip C. Keidel acted in concert with Judge Beverly J. Doneker to deprive Gary of benefits under the Pennsylvania Workers' Compensation Act without affording Gary a full and fair hearing on his claims. He alleges this constituted an abuse of process. He further asserts that he had an appeal pending before the WCAB, filed in March 2007, and that Doneker acted contrary to law when she approved a Compromise and Release Agreement on June 5, 2007 that did not

conform with requirements of the Act. He alleges that this constituted a due process and equal protection violation. He also alleges, in conclusory fashion, a violation of the First and Eighth Amendments. He seeks injunctive relief from the state actors in their official capacities, monetary relief from the state actors in their individual capacities, reinstatement of his Workers' compensation benefits, and the dismissal of all decisions and orders entered from June 5, 2007 to present. He brings his suit pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

A review of public dockets further reveals that Gary has filed at least four appeals to the Pennsylvania Commonwealth Court of decisions entered in his Workers' Compensation case against J.D. Eckman, Inc. His first appeal, filed on January 27, 2014, was ordered quashed because it sought to appeal a nonfinal order of the WCAB remanding his case back to the Workers' Compensation Judge. *See Gary v. Workers' Compensation Appeal Board (J.D. Eckman, Inc.)*, No. 282 CD 2014 (Pa. Commw. Ct. Apr. 22, 2014).

He filed another appeal on June 22, 2016. As part of that appeal, he sought to expand the record to include documents and evidence he failed to present to the WCAB. The docket reflects the appellate record certified by the WCAB already included:

> the June 5, 2007 Workers' Compensation Judge's (WCJ) approval of petitioner's compromise and release agreement and the WCJ's June 11, 2013 decision on remand.

*See Gary v. Workers' Compensation Appeal Board (J.D. Eckman, Inc.)*, No. 1153 CD 2016 (Pa. Commw. Ct. Nov. 9, 2016). Gary's Petition to Correct the Record was denied and the WCAB's decision was later affirmed by the Commonwealth Court. *Id.* (Pa. Commw. Ct. May 17, 2017).

On January 30, 2017, Gary filed another appeal that was marked discontinued on May 12, 2017. *See Gary v. Workers' Compensation Appeal Board (J.D. Eckman, Inc.)*, No. 254 CD 2017 (Pa. Commw. Ct.).

Finally, on March 23, 2018, Gary appealed a decision of the WCAB to the Pennsylvania Commonwealth Court. *See Gary v. Workers' Compensation Appeal Board (J.D. Eckman, Inc.)*, No. 581 CD 2018 (Pa. Commw. Ct.). The Commonwealth Court issued a per curiam decision on December 4, 2018 affirming the decision of the WCAB. The docket further reflects that Gary filed a petition for allowance of appeal to the Pennsylvania Supreme Court on January 3, 2019, which remains pending.

Gary has also filed a prior lawsuit in this Court — later transferred to the United States District Court for the Middle District of Pennsylvania — raising the same claims as in the current Complaint. In *Gary v. Pennsylvania Dep't of Labor & Indus.*, Civ. A. No. 13-5757 ("the Middle District Case"), Gary alleged a § 1983 civil rights violation against the Department of Labor and Industry, the Secretary of Labor and Industry, and the Chairman and Board Secretary of the WCAB. He alleged in part that Judge Doneker had *ex parte* discussions with J.D. Eckman Inc.'s attorney Philip C. Keidel, and that "my signature on the Compromise and Release Agreement was obtained fraudulently." (*Id.*, ECF No. 3 at 3.) After the case was transferred, a final order was entered on July 31, 2014 dismissing the case as frivolous and for failure to state plausible claims. *See Gary v. Pennsylvania Dep't of Labor & Indus.*, Civ. A. No. 13-2540, ECF No. 22 (M.D. Pa. July 31, 2014).[1]

---

[1] In the proceedings in the Middle District after the case was transferred, a Report and Recommendation was prepared by a United States Magistrate Judge recommending that Gary's claim against the Department of Labor be dismissed on Eleventh Amendment Grounds, his claim against supervisory officials of the Department of Labor be dismissed because Gary failed to allege any personal involvement of the officials he sued, and his claim for damages under the Pennsylvania Constitution failed to state a claim because Pennsylvania law contains no equivalent of § 1983 permitting a suit for money damages for a state constitutional violation. (ECF No. 16.) The Court adopted the Report and Recommendation, dismissed the Complaint without prejudice, and permitted Gary an opportunity to file an amended complaint. (ECF No. 19.) When Gary failed to file an amended complaint, a second Report and Recommendation was submitted suggesting that the case be dismissed with prejudice as frivolous and for failure to

3

## II. STANDARD OF REVIEW

Because Gary appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) apply. Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As [Plaintiff] is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Section 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gary is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Timeliness

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

state a claim. (ECF No. 21.) That Report and Recommendation was adopted on July 31, 2014 (ECF No. 22.)

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute of limitations in a § 1983 and § 1985 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the statute of limitations for § 1983 and § 1985 claims arising in Pennsylvania is two years. The statute of limitations for a § 1986 is one year.[2] *See Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989); *Marino v. Bowers*, 483 F. Supp. 765, 769 (E.D. Pa. 1980), *aff'd*, 657 F.2d 1363 (3d Cir. 1981).

All of the substantive factual allegations contained in Gary's Complaint describe events that took place in 2007, well beyond the two-year limitations period.[3] In Pennsylvania, however,

---

[2] In addition to 42 U.S.C. §§ 1983 and 1985, Gary's Complaint also recites 42 U.S.C. § 1986 as a basis for his claim. A § 1986 claim holds liable "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do. . . ." The elements of a § 1985 claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006), *quoting United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983). A § 1985 plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). Because Gary does not allege a conspiracy involving race or class-based discriminatory animus, his §§ 1985 and 1986 claims would not be plausible, even if they were timely.

[3] The Court notes that Gary does record the dates of "March 16, 2018" and "December 4, 2018" in that section of the form Complaint that asks "What date and approximate time did the events giving rise to your claim(s) occur?" (ECF No. 2 at 3.) However, the Complaint contains no other substantive reference to these dates.

5

the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Id.* Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Because Gary's allegations (1) all concern events occurring in 2007, and (2) the public dockets from the Commonwealth Court establish that he was aware of those events and that they allegedly caused him injury well before two years prior to filing this case, the claims are time barred on their face. Specifically, the public dockets reflect that Gary had knowledge of Judge Doneker's, J.D. Eckman Inc.'s and Attorney Keidel's alleged improprieties involving the approval of the compromise and release agreement at least as early as 2013 when he filed the prior case, and certainly by June 22, 2016, when he filed the appeal in No. 1153 CD 2016, the case whose certified record on appeal "include[s] the June 5, 2007 Workers' Compensation Judge's (WCJ) approval of petitioner's compromise and release agreement." *See Gary v. Workers' Compensation Appeal Board (J.D. Eckman, Inc.)*, No. 1153 CD 2016 (Pa. Commw. Ct. Nov. 9, 2016).

Accordingly, any claims Gary seeks to raise concerning the events occurring in 2007 are time barred and subject to dismissal under §§ 1915(e)(2)(B)(i) and (ii) because a claim that is

6

time barred is frivolous or not plausible. *See, e.g., Randall v. Berks Cty., PA*, Civ. A. No. 19-1342, 2019 WL 1934878, at *2 (E.D. Pa. Apr. 30, 2019) (dismissing as frivolous a claim that was time barred under the borrowed two-year Pennsylvania statute of limitations governing § 1983 claims); *Hyland v. Office of Hous. & Cmty. Dev.*, Civ. A. No. 15-504, 2018 WL 4119903, at *7 (D. Haw. Aug. 29, 2018) (holding that § 1983 time-barred claims are not plausible); *Olsen v. Olsen*, Civ. A. No. 17-5281, 2017 WL 4678593, at *1 (W.D. Wash. Apr. 26, 2017) (stating that time-barred claims are not merely implausible, but frivolous); *Parker v. Gallegos*, Civ. A. No. 12-1551, 2013 WL 321550, at *1 (N.D. Ga. Jan. 28, 2013) ("A claim is not plausible, and is subject to dismissal under Rule 12(b)(6), if it is 'apparent from the face of the complaint that the claim is time-barred.'").

## B. Claims Preclusion

In addition to being untimely, the claims asserted by Gary in his Complaint against the WCAB, WCAB Commissioners Crawford and Zurick, and the Department of Labor and Industry are barred by *res judicata* and, accordingly, are legally frivolous or malicious. Under the doctrine of *res judicata* or claim preclusion, a subsequent suit based on the same cause of action as a prior suit that involved the same parties, or their privies is barred where there has been a final judgment on the merits in the prior suit. *Bd. of Trustees of Trucking Employees v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). A mere change in the legal theory under which a party reasserts their claims will not prevent the application of the doctrine of *res judicata*. *Cruickshank-Wallace v. CNA Fin. Corp.*, No. 18-3635, 2019 WL 1769080, at *3 (3d Cir. Apr. 22, 2019) (citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (noting we take a "broad view" when considering what constitutes the same cause of action, and whether *res*

7

*judicata* applies turns on the "essential similarity" of the underlying events giving rise to the legal claims).

Gary's current claims are derived from the same set of underlying facts as the claims he asserted in the 2013 Middle District case, where he also named as Defendants (or persons in privity therewith) the Department of Labor and Industry and the WCAB. His earlier claims were dismissed as frivolous on Eleventh Amendment grounds, or for failure to state a claim pursuant to § 1915(e)(2)(B), **after** Gary waived his opportunity to file an amended complaint. Even if the Court did not view his current claims as essentially the same as the claims in the 2013 Middle District case, which they are, it is clear that Gary **could have** brought his claims in the 2013 case. *See Blunt*, 767 F.3d at 277 (noting *res judicata* bars not only claims brought in previous litigation, but also claims that could have been brought). Because of the *res judicata* bar, all of the claims Gary asserts in this lawsuit against the listed Defendants are legally frivolous and malicious and must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(i).

### C. Claims against Judge Doneker

To the extent that the claims against Judge Doneker are not time barred and/or barred by *res judicata*, they must be dismissed as frivolous on the addition ground of judicial immunity. Judicial immunity, which is applicable in suits under 42 U.S.C. § 1983, *Stump v. Sparkman*, 435 U.S. 349, 355 (1978), as well as §§ 1985 and 1986, *see Tarapchak v. Lackawanna Cty.*, 173 F. Supp. 3d 57, 71 (M.D. Pa. 2016); *Sullivan-Bey v. Zimmerman*, Civ. A. No. 86-6486, 1987 WL 6745, at *2 (E.D. Pa. Feb. 17, 1987) (citing *Raitport v. Provident Nat'l Bank*, 451 F. Supp. 522, 533-34 (E.D. Pa. 1978), has been extended to administrative officers whose function is sufficiently judicial in nature to warrant the judge's cloak of absolute immunity. *See Butz v. Economou*, 438 U.S. 478, 507 (1978) (extending judicial immunity to agency hearing officer in

U.S. Department of Agriculture for acts committed while presiding over administrative proceeding). Under this "functional" approach, the following factors are considered: (i) whether the officer needs assurance that the performance of official duties will be free of harassment or intimidation; (ii) whether safeguards exist to control unconstitutional conduct; (iii) whether the factfinder is insulated from political influence; (iv) the importance of precedent in the officer's determination; (v) the degree to which the hearing process is an adversary one; and (vi) the opportunity to correct errors on appeal. *Id.* at 512; *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985).

Application of these factors makes it clear that judicial immunity is appropriate here. A workers' compensation judge, who adjudicates countless individual claims for often substantial benefits, must be insulated from the intimidating specter of personal damage awards if the performance of his or her duties is not to be compromised. Moreover, workers' compensation judges in Pennsylvania operate in a framework that includes trial-like safeguards, such as the creation of a written record and the issuance of written fact findings and legal conclusions supported by applicable case law. *See* 77 Pa. Cons. Stat. §§ 801-836. In addition, their decisions are subject to appellate review by the WCAB, *see* 77 Pa. Cons. Stat. § 854.2, and the Commonwealth Court, the latter of which conducts a review for constitutional error. Parties to workers' compensation proceedings before officers like Judge Doneker, furthermore, are characterized as "adverse." *See* 77 Pa. Cons. Stat. § 775 (requiring that each "adverse" party be served with petition on which hearing is requested). Finally, such judges are insulated from political influence by the Commonwealth's civil service system. *See* 77 Pa. Cons. Stat. § 2504.

The allegation against Judge Doneker is that she approved a compromise and release agreement in Gary's workers' compensation case. She was, accordingly, for all relevant

purposes performing a function as a judge and is entitled to protection that is commensurate with the responsibilities she discharges. *Accord Messa v. Foley*, Civ. A. No. 92-1887, 1993 WL 106519, at *2 (E.D. Pa. Apr. 9, 1993) (Pollak, J.) (holding that, because duties of Pennsylvania workers' compensation judge are judicial in nature, workers' compensation judge is entitled to absolute judicial immunity), *aff'd*, 17 F.3d 1430 (3d Cir. 1994).

### D. Claims against J.D. Eckman Inc., Philip C. Keidel, and Transportation Insurance Co. (CNA)

J.D. Eckman Inc., through its attorney Philip C. Keidel, are alleged to have acted in concert with Judge Doneker to deprive Gary of benefits under the Pennsylvania Workers' Compensation Act. The Complaint contains no substantive allegation concerning Transportation Insurance Co. (CNA). These Defendants were not also named as Defendants in the 2013 case. However, the present claims against them are time barred for the reasons already stated. Additionally, the allegation that J.D. Eckman Inc. and Keidel "acted in concert" with Judge Doneker is too conclusory to support a plausible claim that these Defendants are "state actors" for purposes of § 1983 liability and the claim against Transportation Insurance Co. (CNA) is not plausible since Gary makes no substantive allegation describing its involvement in this case.

## IV. CONCLUSION

For the reasons stated, Gary's Complaint will be dismissed. All claims against the WCAB, Commissioners Crawford and Zurick, the Department of Labor and Industry and Judge Doneker are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The remaining claims are dismissed pursuant to § 1915(e)(2)(B)(ii) as untimely or otherwise implausible. Because Gary waived a prior opportunity to file an amended complaint in the 2013 Middle District case, and the facts upon which the current claims are based are essentially the same as those already found frivolous or implausible in that case, the Court finds that any further

10

attempt at amendment would be futile. Accordingly, the Complaint will be dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
JUAN R. SÁNCHEZ, C.J.